## REIGNER *v.* BRYAN.

*(Supreme Court, General Term, Fifth Department.* December 30, 1889.)

SALE—ACTION FOR PRICE—EVIDENCE.

In an action for the price of cigars, defendant alleged that he returned the cigars ordered from plaintiff, and that he had ordered and accepted cigars from the firm of one E. The testimony of members of E.'s firm was that their cigars were returned. *Held* that, on the examination of defendant, the question "whether he paid for the cigars ordered from E.'s firm" was admissible, it being material to the issue raised by defendant that the cigars returned were plaintiff's.

Appeal from Cayuga county court.

Action by William M. Reigner against James Bryan, to recover for merchandise sold and delivered. Trial by jury. From a judgment entered on a verdict for plaintiff, and from an order denying a motion for a new trial, defendant appeals.

Argued before BARKER, P. J., and DWIGHT and MACOMBER, JJ.

*Amasa J. Parker,* for appellant. *E. C. Aiken,* for respondent.

MACOMBER, J. This action was brought to recover the value of a one-half case, or 5,000, cigars, sold and delivered by the plaintiff to the defendant. The plaintiff is a manufacturer of and dealer in cigars at Boyertown, Pa., and the defendant is engaged in business at the city of Auburn, N. Y. No question is made but that the order for shipping the cigars was actually made by the defendant, and that the cigars were actually shipped by the seller, addressed to the buyer at his place of business. The point of contention is whether this case, or any portion of these cigars, was actually delivered to the defendant. The defendant had given a receipt to the railroad company for these identical cigars, but, as was properly ruled by the county judge at the trial, that fact was not conclusive upon him, for it had yet to be made to appear that the cigars, or some portions thereof, were actually delivered; otherwise the defense of the statute of frauds would have been complete, as the amount involved was upwards of $50. At about the same time of the giving of this order to the plaintiff, the defendant gave an order to the firm of D. S. Erb & Co., whose place of business was also at Boyertown, for a like quantity of cigars, known as "My Monogram." The evidence is quite conclusive that this lot of cigars also arrived at Auburn, addressed to the defendant. The defendant's testimony is that he returned to the plaintiff the cigars which had been ordered from him, and accepted and received the cigars that had been sent by the firm of D. S. Erb & Co. But the evidence of the members of the firm of D. S. Erb & Co., taken on commission, shows quite conclusively that it was their cigars that were returned, and not those of this plaintiff. Consequently the testimony of the defendant in his own behalf and that of the members of the firm of D. S. Erb & Co. made the case pre-eminently one for the consideration of the jury. We are unable to say that the preponderance of the evidence in behalf of the defendant is so overwhelming as to induce us to disturb the verdict. As was said in the case of *Cheney* v. *Railroad Co.,* 16 Hun, 420: "In reviewing the findings of a jury, and the evidence upon which it is based, there are certain cardinal rules which are not to be lost sight of. It is the right of the jury to decide as to the credibility of testimony; to weigh the evidence, and to draw inferences from it. The court are not authorized to set aside a verdict simply because if they had been on the jury they would have found a different verdict, and it is not enough that the verdict may possibly be wrong, but the court should be satisfied that, after giving a proper weight to all the evidence, it cannot be right." Tested by this rule, we are of the opinion that the judgment entered upon the verdict should be affirmed, especially as the learned county judge who had the opportunity to observe closely the witnesses has, upon a motion, refused to interfere.

It is agreed by the learned counsel for the appellant that an error was committed in the reception of certain testimony. Upon the examination of the defendant, after acknowledging the writing of certain letters to D. S. Erb & Co., and after saying that the cigars which he ordered from them were known as "My Monogram" cigars, he was asked this question: "Did you pay for these 'My Monogram' cigars?" This was objected to, the objection was overruled, and the defendant excepted. He answered: "No; I guess not." This was not only unobjectionable evidence, but it was quite material upon the claim made by the defendant in his own behalf that he had returned, not the D. S. Erb & Co. cigars, but the plaintiff's. The judgment should be affirmed, with costs. All concur.